[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION FOR SUMMARY JUDGMENT)
The plaintiffs commenced this action in December 1992, alleging injuries they sustained when a deck of a residence owned by one of the plaintiffs collapsed. The original complaint alleged that their injuries were caused by the negligent construction of the deck by Rothman Beaulieu (RB).
In June 1993, RB moved to cite in James A. McCarthy dba James A. McCarthy, Inc., as an additional party defendant pursuant to §§ 52-103 and 52-107 of the Practice Book. That motion was granted. The plaintiffs then filed and served an amended complaint adding McCarthy as an additional party defendant and alleging negligence on his part as well. Thereafter RB filed a cross-claim for indemnification against McCarthy (who allegedly built the deck as a sub-contractor for RB). McCarthy subsequently filed a cross-complaint against RB.
McCarthy now moves for summary judgment claiming that the plaintiffs' claims against him are time barred by the statute of limitations § 52-584 which provide in relevant part that: "No action to recover damages for injury --- shall be brought but within two years from the date when the injury is first sustained — -." The accident occurred on or about December 22, 1990 and McCarthy was not served until August 1993. It is clear that the plaintiffs are barred from recovering from McCarthy.
RB claims that McCarthy was cited in only for the purpose of apportioning liability pursuant to § 52-572h. McCarthy claims, however, that the amended complaint does not state that he has been cited in only for apportionment purposes and seeks at least an order clarifying that. CT Page 8888
This Court agrees with the reasoning of those cases which have held that a potential tortfeasor may properly be joined as a party defendant for apportionment of liability under § 52-572h, even if any claim is time barred by the applicable statute of limitations. See Suchecki v. Belmont, 11 Conn. L.Rptr. No. 14, 441 (June 13, 1994, Hammer, J.); Baker v. Franco, 7 Conn. L.Rptr. No. 21, 622 (December 21, 1992, Fuller, J.); Bushie v. Rutzig, 10 Conn. L.Rptr., No. 7, 228 (November 29, 1993), Mottolese, J.).
In this case the plaintiffs did not file an objection to the Motion for Summary Judgment, nor did they appear at the hearing on the matter. Counsel for McCarthy reported that the plaintiffs would have no objection to a finding or a clarification that they have no direct claim against McCarthy. RB claims it moved to cite in McCarthy as a necessary party for apportionment of liability.
In view of the representations reportedly made by the plaintiffs and by RB that McCarthy is a party only for apportionment, the Motion for Summary Judgment is denied.
Klaczak, J.